IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD CEKORIC,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | |
| CLOPAY BUILDING PRODUCTS<br>COMPANY, INC.,<br>    Defendant and Third-Party<br>    Plaintiff, | )<br>)<br>)<br>)<br>) | Civil Action No. 05-24<br>Judge Conti<br>Magistrate Judge Mitchell |
| v. | )<br>) | |
| RANDALL F. LAURICH,<br>individually and t/d/b/a LAURICH<br>GARAGE DOORS,<br>    Third-Party Defendant. | )<br>)<br>)<br>) | |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that Third-Party Defendant's Motion for Summary Judgment (Docket No. 24) be granted with respect to the claim based on sole liability.

II.    Report

This matter has been remanded by the District Court for reconsideration of an issue raised in objections filed by the Third-Party Defendant, Randall F. Laurich ("Laurich"), to a Report and Recommendation filed by the undersigned on November 1, 2006 (Docket No. 42). Plaintiff, Donald Cekoric, brings this product liability action against Defendant, Clopay Building Products Company, Inc. ("Clopay"), arising out of injuries he sustained when he fell at work and his hand and arm went through glass panels in a garage door that Clopay designed and manufactured. He alleges claims of strict liability, negligence, and breach of warranty.

Defendant has filed a third-party complaint against Laurich, the installer of the garage door, alleging that if the garage door is found to be defective, Laurich's negligence is the sole and proximate cause of Plaintiff's injuries. Clopay also seeks to hold Laurich liable under theories of indemnity and contribution.

The issue presented is whether Clopay can maintain a cause of action against Laurich on the theory that if the garage door is found to be defective, Laurich's negligence is the sole and proximate cause of Plaintiff's injuries. For the reasons that follow, the answer to this question is that Clopay cannot.

Laurich argues that Clopay cannot make claims that it was solely liable under Rule 14. Laurich's argument is supported by the law. See Toberman v. Copas, 800 F. Supp. 1239, 1242 (M.D. Pa. 1992); Hanko v. United States, 583 F. Supp. 1280, 1284 (W.D. Pa.), aff'd mem., 749 F.2d 26 (3d Cir. 1984).

The Report and Recommendation filed on November 1, 2006 (Docket No. 42) noted Laurich's argument, but concluded that Laurich was improperly attempting to move for partial summary judgment as to one theory of liability raised in a complaint. Coffman v. Federal Labs., 171 F.2d 94, 98 (3d Cir. 1948). In objections filed on November 14, 2006 (Docket No. 43), Laurich argues that sole liability, contribution and indemnity are separate and distinct claims for relief. In re J.A.R. Barge Lines, L.P., 2005 WL 642700, at *3 (W.D. Pa. Feb. 17, 2005) (Standish, J.) ("Contribution and indemnity are distinct doctrines.") Therefore, it contends that the partial summary judgment rule has no applicability.

Upon reconsideration of this issue, the undersigned concludes that Laurich's argument is

meritorious.[1]  Therefore, its motion should be granted and summary judgment should be granted in its favor with respect to the claim asserted against it by Clopay for its alleged sole liability in causing Plaintiff's injuries.

For the foregoing reasons, it is recommended Third-Party Defendant's Motion for Summary Judgment be granted with respect to the claim based on sole liability.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules of the United States District Court for the Western District of Pennsylvania, the parties are allowed ten (10) days from the date of service to file objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

          s/Robert C. Mitchell
          Robert C. Mitchell
          United States Magistrate Judge

Dated: January 11, 2007

---

[1] Although Clopay filed a brief in opposition to the objections filed by Laurich (Docket No. 46), this brief did not address the argument concerning sole liability.